UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

---

BRENDA G. ELKINS and JERRY
BEDENBAUGH, Individually and On Behalf
of A Class of Persons Similarly Situated,

        Plaintiffs,

v.

EQUITABLE LIFE INSURANCE
COMPANY OF IOWA, EQUITABLE OF
IOWA COMPANIES and EQUITABLE
AMERICAN LIFE INSURANCE
COMPANY,

        Defendants.

Civil Action No.
96-296-CIV-T-17B

<u>CLASS ACTION</u>

---

### DEFENDANTS' RESPONSE TO THE "MOTION" SUBMITTED
### BY CLASS MEMBER RAYMOND E. BOWDEN

COME NOW the Defendants, Equitable Life Insurance Company of Iowa,

Equitable of Iowa Companies and Equitable American Insurance Company ("Equitable")

and for their response to the "Motion" submitted by Class Member Raymond E. Bowden,

in the form of correspondence to this Court, state as follows:

1.     By letter dated December 26, 2001 (which was not received by Equitable

until late January, 2002), Mr. Raymond E. Bowden contacted this Court concerning the

relief offered to Mr. Bowden, as an individual class member, by Equitable pursuant to the

122

First Amended Stipulation of Settlement ("Settlement Agreement") and this Court's Findings of Fact, Conclusions of Law and Order Nunc Pro Tunc entered on or about January 27, 1998.

2. The purpose of Mr. Bowden's submission to this Court appears to arise from his allegation that a settlement "formula", which Equitable allegedly refused to provide to Mr. Bowden, should require an individual award in excess of $17,000, rather than the sum of $2,221.65 as calculated by Equitable and offered to Mr. Bowden.

3. Under the Individual Claim Review Relief procedures ("ICRR"), Mr. Bowden's claim was considered in two categories, Policy Performance and Replacement, out of the four possible claim categories. Mr. Bowden was initially given a score of "1" on a scale of 0 to 4 in the Policy Performance Category and a score of "1" on a scale of 0 to 4 in the Replacement Category by the Claim Review Team ("CRT"). This was the initial scoring procedure available under the terms of the Settlement Agreement. With these scores, Mr. Bowden was entitled only to General Policy Relief, which was a 60 basis point (.006%) enhancement to the cash value of his Policy. See Acceptance Card attached hereto as Exhibit 1.

4. Under the Settlement Agreement, if the CRT determined that an individual was entitled to relief, the CRT would offer the relief specified in Exhibit "A" to the Settlement Agreement, as was done for Mr. Bowden. The CRT's decision was binding on the company, although the individual claimant had a right of appeal to a "Claim Appeal Panel". Settlement Agreement at Division IV.A.(20).

2

5.     Mr. Bowden appealed the CRT's decision which, under applicable procedures, was considered by a single Appeal Panel Member.  Mr. Bowden, his Policyowner Representative, and Equitable participated by telephone.  The Appeal Panel Member reviewed Mr. Bowden's claim de novo and rescored the claim in accordance with the scoring system established in Exhibit "A" to the Settlement Agreement.  (Settlement Agreement at Division IV.A.(44).  This decision was binding on Mr. Bowden and, in this instance, on Equitable.  (Settlement Agreement at Division IV.A.(47)).  The Appeal Panel Member raised Mr. Bowden's score to "2" in Policy Performance and "3" in Replacement.  See Acceptance Card attached hereto as Exhibit 2.

6.     Under Exhibit "A" to the Settlement Agreement, with a score of "2" in the Policy Performance Category, Mr. Bowden was entitled to an award as follows:

> On the Claim-Review Process Award Date, the Company will increase the Policy's accumulation value or, for Policies without an accumulation value, provide sufficient dividend or paid-up additions to increase the Policy cash value, including any dividend accumulation, by 50% of the amount that would have existed in the Policy as of such date if the dividend scale in effect at the time the Policy was issued or the Rates and Charges had been applied to the Net Cash Flow.

7.     Under Exhibit "A" to the Settlement Agreement with a score of "3" in the Replacement Category, Mr. Bowden was entitled to an award as follows:

> The Company will rescind the Replacement Policy and make payment to Claimant of the Net Cash Flow less Term Insurance Costs plus interest at the interest rate.

8.     Mr. Bowden's Replacement Award had greater monetary value ($3,765.23) than the Policy Performance Award ($1,260.80).  Therefore, Mr. Bowden

3

was provided with correspondence on behalf of Equitable, dated December 6, 1999, through the appointed Policyholder Representative, Richard Lozier, advising Mr. Bowden of the values used in calculating his award including the Net Cash Flow ($10,100.10), interest on the Net Cash Flow ($7,176.15), Term Insurance Costs ($9,803.14) and Interest on the Term Insurance Costs ($3,70.88). See letter attached hereto as Exhibit 3. As defined above, a score of "3" in the Replacement Category, entitled Mr. Bowden to receive an award of $3,765.23. Mr. Bowden refused to accept this award by returning an Award Acceptance Card.

11.    On November 2, 1999, Mr. Bowden surrendered his Equitable Policy and received $1,543.58, the remaining cash value in the Policy, as of the date of surrender. Under the terms and conditions of the Settlement Agreement, the only relief thereafter remaining to Mr. Bowden was the full amount of the award in the Replacement Category ($3,765.23), minus the cash value received upon surrender ($1,543.58), entitling Mr. Bowden to a net award of $2,221.65. See Exhibit "A" to Settlement Agreement, p. 23 ¶2(a)(3), attached hereto as Exhibit 4, and Exhibit 5.

12.    After even further communication involving Equitable, its counsel, counsel for the Class, the appointed Policyholder Representative and Mr. Bowden, ultimately on November 6, 2001, Equitable sent Mr. Bowden a check in the amount of $2,221.65, and advised him that he need not return an Award Acceptance Card; to complete payment of his award, he simply needed to negotiate the enclosed check. Mr. Bowden has since, at least at this time, refused to negotiate the check, although it has not been returned to Equitable. See Exhibits 6 and 7 attached hereto.

4

13.    In sum, Mr. Bowden has been advised of the settlement provisions, and all formulas or calculations therein, in clear and unequivocal terms, but still refuses to accept his award.  Equitable has, on a number of different occasions, advised Mr. Bowden exactly how his award was determined, precisely how the amount was calculated, and the requirements of the settlement and the formulas upon which the calculation was based.

14.    Mr. Bowden has therefore repeatedly been offered all of the relief to which he is entitled under any of the terms of the Settlement Agreement, the Order Approving the Settlement Agreement, and Exhibit "A" to the Settlement Agreement which set forth the methods of the relief calculation.

15.    Contrary to the substance of Mr. Bowden's current communication with this Court, it is clear he has received, or at least been offered, all of the relief to which he is entitled, and has been provided with multiple explanations of the validity of the award. Neither counsel for the Class, nor the appointed Policyholder Representative has, at any time, disputed any of the matters set forth in this document, nor the underlying awards and calculations offered to Mr. Bowden.

WHEREFORE, Equitable prays that the request or "motion" submitted to this Court by Mr. Bowden be rejected or denied.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Andrew W. Hutton, Esq., Milberg, Weiss, Bershad, Hynes & Lerach LLP, 600 West Broadway, 1800 One America Plaza, San Diego, CA  92101-3356 and Richard W. Lozier, Jr., Esq., Belin, Lamson, McCormick, Zumbach & Flynn, The

5

Financial Center, 666 Walnut, Ste. 2000, Des Moines, IA 50309-3989 on February 8, 2002.

Respectfully submitted,

R. Marshall Rainey
Florida Bar No. 794562
**WILLIAMS SCHIFINO
   MANGIONE & STEADY, P.A.**
One Tampa City Center, Suite 2600
201 N. Franklin Street
P.O. Box 380
Tampa, FL 33601
Phone: (813) 221-2626
Fax: (813) 221-7335

Randall G. Horstmann      PK0002449
**NYEMASTER, GOODE, VOIGTS,
   WEST, HANSELL & O'BRIEN, P.C.**
700 Walnut Street, Suite 1600
Des Moines, IA 50309-3899
Telephone: (515) 283-3189
Fax: (515) 283-8045

Attorneys For Defendants

6

December 16, 1998

**RAYMOND BOWDEN**
**4035 KILARNEY DR**
**BOISE ID 83704-3332**

**Claim No: 14960**
**Policy No: EU00009897**

Dear Class Member:

In accordance with the claim-review procedures approved by the Court in Brenda G. Elkins, et al. v. Equitable Life Insurance Company of Iowa, et al., Case No. 96-296-CIV-T-17B (United States District Court, Middle District of Florida, Tampa Division), and Russell A. Kolsrud, et al. v. Equitable Life Insurance Company of Iowa, et al., Case No. 320838 (In the Superior Court of the State of Arizona in and for the County of Pima), Equitable of Iowa's Claim-Review Team has carefully considered all documents and information submitted in connection with your above-numbered claim, including your Claim Form and attachments, information the Company had or was able to obtain from the agent. As you were previously informed, the court-approved settlement specifies the nature of the proof or other evidence required to support a claim, as well as the scope of the relief that the Claim-Review Team may award.

Your claim was considered in the following claim categories, and based on its assessment of your claim, the Claim-Review Team has determined the following score for your claim. This score entitles you to the following options for relief (award):

| Claim Category(ies) | Score/Amt | Award for this Score |
|---|---|---|
| **Policy Performance** | **#1** | **See enclosed Acceptance Card for relief option** |
| **Replacement** | **#1** | **See enclosed Acceptance Card for relief option** |

If you accept an award (one of the above) and do not wish to appeal the Claim-Review team's decision (see below), please sign and return the enclosed Acceptance Card to the Company as soon as possible. The Company cannot implement the award until you do so. You will receive further information about your award shortly after the Company receives your Acceptance Card.



Equitable Life Insurance Company of Iowa
USG Annuity & Life Company®

*909 Locust Street • Des Moines, Iowa 50309-2899*

Please note you are eligible to receive only one award for your claim, even if your claim is scored in more than one claim category. Under the terms of the court-approved settlement, as an alternative to the award described above, you also have the right to choose one of the awards listed on the acceptance card or a lesser score in the same claim category. If you would like to receive one of these alternative awards, please indicate your choice on the Acceptance Card, and sign and return it to the Company as soon as possible.

If you do not accept the award described above or any of the alternative awards listed on the Acceptance Card, and you wish to appeal the Claim-Review Team's decision, you may do so within 60 days by submitting by first class mail a request for appeal ("Notice of Appeal"), as described in more detail in the attached "Description of Appeal Procedures." **You will waive your right to appeal unless you submit a "Notice of Appeal" by first class mail within the later of 60 days of (i) the date of this notice, or (ii) the date of the postmark on the envelope containing this notice, <u>in which case you must include the envelope with your Notice of Appeal</u>.**

THE APPEAL PANEL WILL COMMENCE A NEW REVIEW OF YOUR CLAIM AND IS NOT BOUND BY THE CLAIM-REVIEW TEAM'S DECISION. HOWEVER, THE APPEAL PANEL WILL APPLY THE SAME STANDARDS Of PROOF AND REMEDY GUIDELINES THAT THE CLAIM-REVIEW TEAM APPLIED. THE APPEAL PANEL HAS THE AUTHORITY TO AWARD MORE, LESS OR THE SAME RELIEF AS THAT AWARDED TO YOU BY THE CLAIM-REVIEW TEAM. Please note that the appeal panel will be neutral and independent of any party, and will not represent you or Equitable Life Insurance Company of Iowa. If you have any questions, please call the Equitable Life Insurance Company of Iowa Claim Resolution Service Desk at 1-800-555-1980 or the Policyowner Representative at 1-515-283-4650 (Monday through Friday, 8:00 a.m. through 5:00 p.m. Central Time).

<u>Please be sure to include your Claim Number in all communications about your claim</u>.

Sincerely yours,


Equitable Life Insurance Company of
Iowa Claim-Review team



mlw
cc:     **Policyowner Representative**

Equitable Life Insurance Company of Iowa
USG Annuity & Life Company®

*909 Locust Street • Des Moines. Iowa 50309-2899*

Your claim was scored, based upon the evidence presented, under the following claim categories: **Policy Performance and Replacement**. Based on the Claim-Review Team's assessment of your claim, you are entitled to the following award (if more than one award listed please note you are eligible to receive only one):

☐ **POLICY PERFORMANCE AWARD & REPLACEMENT AWARD:  #1**

**Relief Description:  General Policy Relief**

You will be eligible to receive) an **INTEREST ENHANCEMENT** in the amount equal to 60 basis points (.006) of the policy's unloaned account value as it existed on the eligibility date.

By accepting relief in this category, you may also choose to elect one or more of the following:

☐ **You are eligible to apply for ENHANCED VALUE POLICY.**

☐ **You are eligible to apply for an ENHANCED VALUE DEFERRED ANNUITY.**

☐ **You are eligible to apply for an ENHANCED VALUE IMMEDIATE ANNUITY.**

**If this award is accepted, you must return this form before February 14, 1999.**

**AGAIN, PLEASE NOTE THAT YOU ARE ONLY ELIGIBLE TO SELECT ONE AWARD**.  Mark your selection above and sign/date below.  All owner's of record to the policy are required to sign below or this acceptance is not valid.

_____          _____
        Signature of Policyowner                        Signature of Policyowner

_____
        Date

Equitable Life Insurance Company of Iowa
USG Annuity & Life Company®

*909 Locust Street • Des Moines, Iowa 50309-2899*



### KOLSRUD/ELKINS CLASS ACTION
## INDIVIDUAL CLAIM-REVIEW RELIEF
### ACCEPTANCE CARD
### EU00009897
### Claim #14960

Your claim was scored, based upon the evidence presented, under the following claim categories: **Policy Performance and Replacement.** Based on the Claim-Review Team's assessment of your claim, you are entitled to the following award (if more than one award listed please note you are eligible to receive only one):

☐ **POLICY PERFORMANCE AWARD/AMT: #2/ $1,260.80**

**Relief Description:**

On the Claim-Review Process Award Date, the Company will increase the Policy's accumulation value, (or, for policies without an accumulation value, provide sufficient dividend or paid-up additions to increase the Policy cash value, including any dividend accumulations), by 50% of the amount needed to provide the amount that would have existed in the Policy as of such date if the Initial Rates and/or Charges had been applied to the Net Cash Flow into the Policy.

☐ **REPLACEMENT AWARD/AMT: #3/ $3,765.23**

**Relief Description:**

The Company will rescind the Replacement Policy and make payment to Claimant of the Net Cash Flow less Term Insurance Costs plus interest at the Interest Rate.

Please note you are eligible to receive only one of the foregoing awards. Or, under the terms of the court-approved settlement, *as an alternative* (in lieu of) the award described above, you have the right to choose <u>one</u> of the forms of relief listed below:

☐ **REPLACEMENT CATEGORY: #2**

**Relief Description:**

The Company will rescind the Replacement Policy and make payment to the Claimant in an amount equal to the Net Cash Flow less Term Insurance Costs.

**Equitable Life Insurance Company of Iowa**
**USG Annuity & Life Company**

*909 Locust Street • Des Moines, Iowa 50309-2899*



 

## ☐ POLICY PERFORMANCE & REPLACEMENT CATEGORY: #1

**Relief Description: General Policy Relief**

You will be eligible to receive an **Interest Enhancement** in an amount equal to 60 basis points (.006) of the policy's unloaned account value as it existed on the eligibility date.

By accepting relief in this category, you may also choose to elect one or more of the following:

☐ You are eligible to apply for **ENHANCED VALUE POLICY.**

☐ You are eligible to apply for an **ENHANCED VALUE DEFERRED ANNUITY.**

☐ You are eligible to apply for an **ENHANCED VALUE IMMEDIATE ANNUITY.**

**AGAIN, PLEASE NOTE THAT YOU ARE ONLY ELIGIBLE TO SELECT ONE AWARD.** Mark your selection above and sign/date below. All owner's of record to the policy are required to sign below or this acceptance is not valid.

_____          _____
Signature of Policyowner                Signature of Policyowner


_____
Date

Equitable Life Insurance Company of Iowa
USG Annuity & Life Company.

*909 Locust Street • Des Moines, Iowa 50309-2899*

REPLY TO: DES MOINES

WRITER'S DIRECT DIAL NUMBER
(515) 283-3152

FACSIMILE: (515) 283-8045

E-MAIL RGH@NYEMASTER.COM

December 3, 1999

*VIA FACSIMILE*

Richard W. Lozier, Jr.
Belin, Lamson, McCormick,
  Zumbach & Flynn
The Financial Center
666 Walnut, Suite 2000
Des Moines, IA 50309-3989

RE:   Raymond E. Bowden
      Policy No.: EU00009897
      Claim No.: 14960

Dear Mr. Lozier:

Equitable Life Insurance Company of Iowa has referred your November 29, 1999 letter, concerning Mr. Bowden, to me for response. The following is the response of Equitable Life Insurance Company of Iowa ("Equitable").

You have requested an accounting of "how the relief is calculated with a score of "3" in the Replacement Category." Mr. Bowden was given a score of "3" in a Replacement Category by the Arbitrator. His relief identification category is 48, for an Associated Score of "3". Relief Identification Category 48 provides that the:



December 3, 1999
Richard Lozier
Page 2

> "Company will rescind the Replacement Policy and make
> payment to Claimant of the Net Cash Flow less Term Insurance
> Costs plus interest at the Interest Rate. Alternatively, for internal
> replacements only, it will rescind the Replacement Policy and
> reinstate the Original Policy, with payment into the Original
> Policy of the Net Cash Flow of the Replacement Policy less Term
> Insurance Costs of the Replacement Policy, plus interest at the
> Interest Rate."

The Stipulation of Settlement, and Exhibit "A" thereto, however, allow the Company,
at its discretion, to decline reinstatement of the Replaced Policy, in the event the Company no
longer maintains records concerning that Policy. Equitable has elected that option.

The calculations concerning Mr. Bowden are:

| | | |
|---|---|---|
| 1. | Net Cash Flow - | $10,100.10 |
| 2. | Interest on the Net Cash Flow - | $ 7,176.15 |
| 3. | Total - | $17, 276.25 |

The Term Insurance Costs associated with affording coverage to Mr. Bowden during
the life of its policy are:

| | | |
|---|---|---|
| 1. | Term Insurance Costs - | $ 9,803.14 |
| 2. | Interest on the Term Insurance Costs - | $ 3,707.88 |
| 3. | Total Costs for Term Insurance, and Interest - | $13,511.02 |

Subtraction of the Term Insurance Costs, with Interest thereon ($13,510.02) from the
Net Cash Flow, plus Interest thereon ($17,276.25) yields a net award to Mr. Bowden of
$3,765.23.

The Relief Calculation Formulas provided by consultants for Equitable are enclosed for
your review.

Your November 29, 1999 letter requests a calculation of benefits available if the
monetary award were applied to restoration of the replaced policy. While Equitable can
perform that calculation, it will take one individual several days to do so, and she is not
available until at least next week. Further, as indicated above, I believe Equitable has the
discretion of not restoring the replaced policy, if records no longer exist. The records do not
exist on Mr. Bowden's older replaced policy in this case.

December 3, 1999
Richard Lozier
Page 3

You also have requested whether Mr. Bowden can be given the option to accept a monetary award. That option is not available for Mr. Bowden in this case.

Please let me know if you have any further questions. If so, please tell me specifically what you or Mr. Bowden question, or what additional facts you may need.

If you have no further questions, please advise me whether Mr. Bowden will accept his replacement award.

Sincerely,


Randall G. Horstmann

RGH:jmp
Enclosure

cc:    Judy Schmitt, Claim Administration Team

d. If the highest score for any Replacement Claim-Resolution Factor is 3, the Company will rescind the Replacement Policy and make payment to Claimant of the Net Cash Flow less Term Insurance Costs plus interest at the Interest Rate. Alternatively, for internal Replacements only, it will rescind the Replacement Policy and reinstate the Original Policy, with payment into the Original Policy of the Net Cash Flow of the Replacement Policy less Term Insurance Costs of the Replacement Policy, plus interest at the Interest Rate. Any award payable will first be used to bring current the premiums due under the Original Policy as of the Claim-Review Process Award Date. If the score of 3 is achieved solely by a presumption, then the relief will be limited to rescission of the Replacement Policy and reinstatement of the Original Policy and payment of the relief awarded into the Original Policy.

e. If the highest score for any Replacement Claim-Resolution Factor is 4, the Company will rescind the Replacement Policy and make payment to Claimant of the Net Cash Flow plus interest at the Interest Rate. Alternatively, for internal Replacements only, it will rescind the Replacement Policy and reinstate Original Policy, with payment into Original Policy of the Net Cash Flow plus interest at the Interest Rate. Any award payable will first be used to bring current the premiums due under the Original Policy as of the Claim-Review Process Award Date.

2. Relief For Claimants With Terminated Policies

a. Terminated Policy And Claimant Is Alive

(1) For a score of 0 (zero), if the Replacement Policy terminated prior to the Final Settlement Date, and the Claimant is alive, the Claimant shall not be awarded relief.

(2) For a score of 1 (one), if the Replacement Policy terminated prior to the Final Settlement Date, and the Claimant is alive, the Claim-Appeal Panel or Claim-Review Team will make the Claimant eligible again for General Policy Relief — give the Claimant another 60 days to elect one or more of the types of General Policy Relief for terminated Policies specified in subsection V.B.6 of the Stipulation of Settlement.

(3) For scores of 2, 3 or 4, if the Replacement Policy terminated prior to the Final Settlement Date, the Claimant will receive a cash award comparable to the relief he or she would have received had the Policy been in-force. The cash award or payment will be calculated as of the date of termination. The amount of any cash surrender value as of the date of termination, and any death benefit paid after termination, will be deducted from any award or payment. In addition, Claimants who receive scores of 2, 3, or 4 will be entitled to apply the award to the purchase of an Enhanced Value Policy if they are insurable using the Simplified Underwriting Standards.

- 23 -





**ING**

*Copy to Randy Vorstmann*

January 2, 2001

Mr. Raymond E. Bowden
1940 W. Idaho Blvd.
Emmett, ID 83617

RE: Policy No. EU00009897
    Claim No. 14960

Dear Mr. Bowden:

Your letter dated December 19, 2000, addressed to the Equitable Life of Iowa Class Action Information Center, Faribault, MN, has been referred to the Claim Administration Team in Des Moines, Iowa for response.

On September 9, 1999, Equitable Life Insurance Company of Iowa ("Equitable") sent to you a letter and Acceptance Card, to be completed and returned to Equitable's offices in Des Moines. Completion and return of the Acceptance Card was and is a requirement for payment of any award provided by the terms and conditions of the Stipulation of Settlement agreed to by counsel for the Class, and for Equitable, and approved by the Courts in Florida and Arizona.

You did not complete and return your Acceptance Card. However, effective November 2, 1999, you surrendered your Equitable policy for the amount of $1,543.58, the cash value of the policy on the date it was surrendered.

Your Individual Claim, as presented initially and on appeal to the Arbitrator, received consideration both in the Replacement and Policy Performance Categories. However, because you surrendered your policy prior to acceptance and payment of any award, under the terms and conditions of the Stipulation of Settlement, the only relief now available to you is the remainder of the award in the Replacement Category. The award you are currently entitled to is $2,221.65, the amount of the full award in the Replacement Category of $3,765.23, minus the cash value you received when you surrendered your policy of $1,543.58.

Enclosed is another Acceptance Card. When you complete and sign the enclosed Acceptance Card, and return it to Equitable Life Insurance Company of Iowa in Des Moines, Iowa, to the attention of the Class Action Claim Administration Team, we will promptly mail to you a check in the amount of $2,221.65, as the remainder of your award.

Sincerely,                                                **RECEIVED**

Equitable Life Insurance Company of Iowa                  **JAN 0 4 2001**
Class Action Claim Administration Team



Equitable Life Insurance Company of Iowa
USG Annuity & Life Company.
United Life & Annuity Insurance Company
*909 Locust. Des Moines. IA 50309-2899*

Your claim was scored, based upon the evidence presented, under the following claim categories: **Policy Performance and Replacement**. Based on the Claim-Review Team's assessment of your claim, you are entitled to the following award (if more than one award listed please note you are eligible to receive only one):

☐ **POLICY PERFORMANCE AWARD/AMT**: **#2/ $1,260.80**

    **Relief Description:**

    On the Claim-Review Process Award Date, the Company will increase the Policy's accumulation value, (or, for policies without an accumulation value, provide sufficient dividend or paid-up additions to increase the Policy cash value, including any dividend accumulations), by 50% of the amount needed to provide the amount that would have existed in the Policy as of such date if the Initial Rates and/or Charges had been applied to the Net Cash Flow into the Policy.

☐ **REPLACEMENT AWARD/AMT**: **#3/ $3,765.23**

    **Relief Description:**

    The Company will rescind the Replacement Policy and make payment to Claimant of the Net Cash Flow less Term Insurance Costs plus interest at the Interest Rate.

Please note you are eligible to receive only one of the foregoing awards. Or, under the terms of the court-approved settlement, *as an alternative* (in lieu of) the award described above, you have the right to choose <u>one</u> of the forms of relief listed below:

☐ **REPLACEMENT CATEGORY**: **#2**

    **Relief Description:**

    The Company will rescind the Replacement Policy and make payment to the Claimant in an amount equal to the Net Cash Flow less Term Insurance Costs.

Equitable Life Insurance Company of Iowa
USG Annuity & Life Company®

*909 Locust Street • Des Moines, Iowa 50309-2899*

☐ **POLICY PERFORMANCE & REPLACEMENT CATEGORY: #1**

**Relief Description: General Policy Relief**

You will be eligible to receive **an Interest Enhancement** in an amount equal to 60 basis points (.006) of the policy's unloaned account value as it existed on the eligibility date.

By accepting relief in this category, you may also choose to elect one or more of the following:

☐ **You are eligible to apply for ENHANCED VALUE POLICY.**

☐ **You are eligible to apply for an ENHANCED VALUE DEFERRED ANNUITY.**

☐ **You are eligible to apply for an ENHANCED VALUE IMMEDIATE ANNUITY.**

**AGAIN, PLEASE NOTE THAT YOU ARE ONLY ELIGIBLE TO SELECT ONE AWARD.** Mark your selection above and sign/date below. All owner's of record to the policy are required to sign below or this acceptance is not valid.

_____          _____
Signature of Policyowner                              Signature of Policyowner


_____
Date

Equitable Life Insurance Company of Iowa
USG Annuity & Life Company®

*909 Locust Street • Des Moines, Iowa 50309-2899*

# NYEMASTER, GOODE, VOIGTS, WEST, HANSELL & O'BRIEN

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

L.R. VOIGTS
JAMES B. WEST
EDGAR F. HANSELL
R. CRAIG SHIVES
DON MUYSKENS
LAWRENCE E. MYERS
KEITH E. LUCHTEL
GERALD J. NEWBROUGH
ROBERT A. VANORSDEL
RICHARD J. SAPP
G.R. NEUMANN
RUSSELL E. SCHRAGE
CARLTON T. KING
GREGORY P. PAGE
RANDALL G. HORSTMANN
JAY EATON
BURNS MOSSMAN
BRADFORD L. AUSTIN
SARA J. SERSLAND
HAYWARD L. DRAPER

JAMES E. GRITZNER
MICHAEL W. THRALL
MARK C. DICKINSON
GREGORY B. WILCOX
JOHN F. LORENTZEN
ROD KUBAT
STEVEN J. ROY
FRANK B. HARTY
JAMES C. WINE
BRUCE W. BAKER
THOMAS W. FOLEY
STEVEN H. LYTLE
TERRY C. HANCOCK
ANTHONY A. LONGNECKER
JOSEPH A. QUINN
WADE H. SCHUT
MARK D. ALJETS
G. THOMAS SULLIVAN
JOAN FLETCHER
THOMAS H. WALTON

WILLARD L. BOYD III
JEFFREY W. COURTER
HALLIE E. STILL-CARIS
L.W. "BILL" ROSEBROOK
TERRY L. MONSON
BARRY J. NADLER
DAVID W. BENSON
BRIAN J. HUMKE
DEBORAH S. KRAUTH
PAULA S. DIERENFELD
COREEN K. SWEENEY
JOHN B. TUFFNELL
JILL M. STEVENSON
ANGEL A. WEST
KATHRYN A. OVERBERG
ANGELA L. WATSON COOK
KERI K. FARRELL-KOLB
MARY E. FUNK
DEBRA L. HULETT
JOHN T. CLENDENIN

AMY L. BENTLER
NEAL K. WESTIN
STEPHANIE L. MARETT
JORDAN B. HANSELL
JODI L. AHLMAN
CORY R. HARRIS

OF COUNSEL
SAMUEL G. O'BRIEN
JOHN J. McLAUGHLIN
DREW R. TILLOTSON
FRANK B. COMFORT
W. DON BRITTIN, JR.
ROGER L. FERRIS
LUTHER L. HILL, JR.

RAY NYEMASTER
(1914-1995)

700 WALNUT, SUITE 1600
DES MOINES, IOWA 50309-3899
(515) 283-3100

1416 BUCKEYE AVENUE, SUITE 200
AMES, IOWA 50010-8070
(515) 233-3000

FACSIMILE
(515) 283-8045

WRITER'S DIRECT DIAL NUMBER
(515) 283-3152
RGH@NYEMASTER.COM

REPLY TO:
Des Moines

November 6, 2001

**_VIA FEDERAL EXPRESS_**

Raymond E. Bowden
1940 W. Idaho Blvd.
Emmett, Idaho 83617

    Re:    Equitable Life Insurance Company of Iowa
           Policy No. EU00009897
           Claim No. 14960

Dear Mr. Bowden:

    I am enclosing with this letter, on behalf of Equitable Life Insurance Company of Iowa, Check No. 0000786618 in the amount of $2,221.65. On several prior occasions, Equitable has asked that you sign an Acceptance Card so this check could be provided to you as payment for the award earned in response to your claim made in the class action settlement. So far, you have consistently failed or refused to return an Acceptance Card to Equitable.

    The initial award available to you, based on the score your claim was given in the Replacement Category was $3,765.23. However, since you subsequently, on November 2, 1999, surrendered your Equitable Policy, and received a cash payment in the amount of $1,543.58, this amount must be deducted from the original award leaving you with a current award in the amount of the enclosed check, $2,221.65.

    I am sure you recall there has been a significant amount of prior correspondence between you and the undersigned, and Richard Lozier, the Policyowner Representative, and by both Richard Lozier and me with Andrew Hutton of the firm of Milberg, Weiss, Bershad, Hynes & Lerach LLP, counsel for the Class in the Equitable Life Insurance Company of Iowa class action lawsuit and settlement. Throughout that time we have attempted to provide you with all the information you requested. Nonetheless, the payment of the award you are entitled to remains outstanding.

**COPY**                                                                                          **COPY**

Equitable Life Insurance Company of Iowa is in the process of concluding all remaining issues arising out of the class action settlement. Accordingly, we are providing the enclosed check to you, and not seeking the return of an Acceptance Card at this time. By simply cashing the enclosed check, you will have received the entire payment due to you and will conclude your claim under the terms of the class action settlement.

If you have any questions, you may contact the undersigned at the direct dial number listed above, or call Equitable at (800) 555-1980. The Equitable number, however, will be discontinued no later than January 1, 2002.

Thank you for your consideration.

Sincerely,

Randall G. Horstmann

RGH:jmp
Enclosure
O:\JMPark\RGH\equitable\Elkins\Bowden.04.doc

cc:    Richard Lozier
       Judy Schmitt



# ING



EXHIBIT

7

## Equitable Life Ins Co. of Iowa

| EU00009897 |
| --- |

| Description | Amount |
| --- | --- |

EU00009897                                          2001-11-02

THE ATTACHED CHECK IS PAYMENT FOR THE FOLLOWING:

INDIVIDUAL CLAIM RELEASE                           $***************2,221.65

CHECK NUMBER: 0000786618      DATE: 2001-11-02      LOC CODE:

This paper contains a watermark and fibers - hold to light to verify watermark and fibers - This account clears through positive pay

# ING

Equitable Life Ins Co. of Iowa
909 Locust Street
Des Moines      IA      50309

Date      2001-11-02

Void 90 days from date of issue

62-22/311

No. 0000786618

TRS

**Pay Exactly** $***************2,221.65 US Dollar

| Amount |
| --- |
| $***************2,221.65 |

Pay to the
order of

RAYMOND E BOWDEN
1940 W IDAHO BLVD
EMMETT ID 83617-9906

| Reference Number |
| --- |
| EU00009897 |

**First Union Bank of Delaware**
Wilmington                    DE



David Pendergraaa

Authorized Signature

⑆0000786618⑆ ⑈031100225⑈ 20799500711192⑆